(4 Misc. Rep. 272.)

## EPSTEIN v. HODGETTS et al.

(City Court of New York, General Term. June 19, 1893.)

ATTORNEYS—COMPENSATION—BROKERAGE.

    3 Rev. St. (8th Ed.) p. 2389, tit. 19, (entitled, "Of Brokerage, Stockjobbing, and Pawnbrokers,") § 1, providing that "no person shall, directly or indirectly, take or receive more than 50 cents for a brokerage, soliciting, * * * or procuring the loan or forbearance of $100 for one year," does not apply to an attorney at law who renders services in procuring a loan for a client.

Appeal from trial term.

Action by Alfred Epstein against Charles Hodgetts and Charles E. Ackron. From a judgment entered on a verdict in favor of plaintiff on the 24th day of February, 1893, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Johnson & Johnson, for appellants.

Epstein Bros., for respondent.

McGOWN, J. The action was commenced by plaintiff to recover the sum of $150 for professional services rendered by the plaintiff, an attorney and counselor at law, to defendants, in drawing articles of copartnership between the defendants, searching the records for chattel mortgages and other liens against No. 67 Warren street, attending at the last-named place on various occasions, and in endeavoring to secure a loan of $6,000, and for various consultations. The defendant Hodgetts, in his answer, admits that plaintiff, on or about the 10th day of December, 1892, at the request of defendants, performed certain professional services as attorney for defendants, as alleged in plaintiff's complaint; denies that such services were worth the sum of $150; denies that no part of said sum has been paid; admits that plaintiff, at defendants' request, drafted certain articles of copartnership; and alleges that the same were of the value and at the stipulated price of $20, and that said sum had been fully paid; denies that plaintiff rendered any other services for him; and avers that before the commencement of this action he had fully paid any and all indebtedness due by him to the plaintiff. The defendant Ackron did not appear herein. The plaintiff testified as to the services rendered by him, and as to the value thereof, $150. The defendant Ackron testified, in behalf of the plaintiff, as to the services rendered by the plaintiff. Max Moses, an attorney, also testified as to the value of plaintiff's services. On the part of the defendants, the defendant Hodgetts testified as to what services had been rendered by the plaintiff; and John McGlover and James J. Brennen also testified, on the part of the defendants, as to the value of the services rendered by the plaintiff. It also appeared from the evidence of the witnesses Moses and McGlover that 1 per cent.—$60—was a fair charge for procuring a loan of $6,000. The trial justice, at the close of the testimony, in his charge to the jury, submitted the issues fully, fairly,

and impartially to them; and, at the close of his charge, defendants' attorney made the following request:

"I ask your honor to charge the jury that by the statute no greater compensation than one-half of one per cent. can be allowed or recovered for procuring a loan of money. By the Court: Do you mean in this case? Defendants' Counsel: Yes. By the Court: I decline to so charge. This is good law, but does not apply to this case. Declined. (Exception.)"

The defendants' attorneys, in their brief submitted, concede that the above exception raises the main point in issue herein, and cites 3 Rev. St. c. 20, tit. 19, art. 1, § 1, (8th Ed., p. 2389,) which provides that:

"Section 1. No person shall, directly or indirectly, take or receive more than fifty cents for a brokerage, soliciting, * * * or procuring the loan or forbearance of one hundred dollars for one year," etc.

This statute was passed to limit the commission of brokers for procuring loans, and has no application to an attorney seeking to recover compensation for his professional services. Title 19 is entitled, "Of Brokerage, Stockjobbing, and Pawnbrokers." "Article First. Regulations concerning brokers." The plaintiff herein seeks to recover for legal services rendered by him as an attorney, not for commissions earned by him as a broker. A similar question arose in Helms v. Goodwill, 2 Hun, 410, where defendant sought to be credited with compensation for legal services rendered. Smith, J., in his opinion, at page 415, says:

"And in view of the case taken by the learned judge, and in respect to the theory or ground upon which he put his decision, he erred, we think, also, in refusing to find and decide that the defendant was entitled to be credited in this action for his services in trying to sell lots, whatever such services were worth."

Conceding, however, that the trial justice erred in refusing to charge as requested, such refusal did not affect the defendants adversely, and did not affect the amount of damages; and defendants have not suffered any injury thereby, and consequently such refusal was not error. Plaintiff claimed $150 as the value of all the services rendered by him, including his services in procuring the loan. The jury rendered their verdict for $125. The evidence of the plaintiff and of the defendant Ackron was that $50 was agreed upon for drawing the articles of copartnership, while the defendant Hodgetts testified that "there was no charge mentioned for the agreement." The evidence of the plaintiff, to the effect that it took him six hours to make the necessary searches, is uncontradicted; and the evidence of the plaintiff's witness Moses, and of defendants' witness McGlover, that $5 an hour would be a reasonable charge, (making $30 in all,) is also uncontradicted, while the evidence of defendants' witness McGlover that "$25 was a fair charge for a lawyer's day" is also uncontradicted, and plaintiff testified that he attended on two different days at 67 Warren street; the uncontradicted evidence thus showing that the plaintiff was entitled to the sum of $105 for his services,—for drawing the agreement, searching, and attending at 67 Warren street,—independent of his compensation for procuring the loan. The jury, thus, in their ver-

dict for $125, evidently allowing plaintiff only the sum of $20, or one-third of 1 per cent., for his services in procuring that loan. The jury passed upon the issues of fact submitted upon the evidence herein, and we think the evidence justified the verdict rendered by them. There are no merits in the exceptions taken by defendants' attorneys to the ruling of the trial justice herein, and the judgment and order appealed from must be affirmed, with costs to the respondent. All concur.